Panzavecchia & Associates, PLLC.
Attorneys for Dean Reskakis
1050 Franklin Avenue- Suite300
Garden City, New York 11530
Mark A. Panzavecchia (MAP3420)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

In re:

MOHAMMED S. MAHMUD,

      Debtor,

-----------------------------------------------------------X

RICHARD E. O'CONNELL, ESQ., as chapter 7
Trustee of the estate of Mohammed S. Mahmud

      Plaintiff,

   -against-

IKECHUKWUP DIBIA, ESQ.,
DIMAHKA, INC.,
DEAN RESKAKIS, ESQ., SACCO & FILLAS, LLP,
JAVED CHOWDRY, VM MILLER MART INC.,
AKHTER HOSSAIN and SAYEDA MOIN,

      Defendants,

-----------------------------------------------------------X

RETURN DATE: **11/06/2008**
TIME: **10:00am**

Chapter 7
Case No.: 07-13994-ajg

Adv. Pro. No.: 08-1214-ajg

## NOTICE OF MOTION

**PLEASE TAKE NOTICE**, that Mark A. Panzavecchia, Esq., of the law firm of Panzavecchia &

Associates, PLLC., 1050 Franklin Avenue, Suite 300, Garden City, New York 11530, shall move before

the Honorable Arthur J. Gonzalez, United States Bankruptcy Judge, on **November 6, 2008 at 10:00am,**

or as soon thereafter as counsel may be heard at the United States Bankruptcy Court, One Bowling Green,

New York, New York for the entry of an Order pursuant to Rule 55 of the Federal Rules of Civil

Procedure made applicable to this adversary proceeding pursuant to Rule 7055 of the Federal Rules of

Bankruptcy Procedure, denying the Chapter 7 trustee of the Estate of Mohammed S. Mahmud, the

plaintiff in the adversary procedure, denying plaintiff's application for default judgment.

**PLEASE TAKE FURTHUR NOTICE**, that any written opposition to defendant Reskakis's

application to vacate the plaintiffs application for a default judgment, must conform to the Federal Rules

of Bankruptcy Procedure and the local rules of bankruptcy court, modified by any administrative orders

entered in this case, and be filed with the bankruptcy court electronically in accordance with General

Order No. 462,by registered users of the Bankruptcy Courts case filing system and by all parties in

interest, on a 3.5 inch disc, preferably in PDF format (PDF, WordPerfect, Microsoft Word, DOS Text,

ASCII) or a scanned image of the filing, with a hard copy delivered directly to chambers, and to be served

in accordance with General Order Number 462, and upon the law firm of Panzavecchia & Associates,

PLLC, 1050 Franklin Avenue, Suite 300, Garden City, New York 11530 so as to be received by no later

than 4:00pm on November 4, 2008.

Dated:  Garden City, New York
        October 29, 2008

Panzavecchia & Associates, PLLC.
Attorneys for Dean Reskakis

BY   S/Mark A. Panzavecchia
     Mark A. Panzavecchia (MAP3420)
     1050 Franklin Avenue- Suite 300
     Garden City, NY 11530
     (516) 776-9494
     Mark@Panzavecchialaw.com

Panzavecchia & Associates, PLLC.
Attorneys for Dean Reskakis
1050 Franklin Avenue- Suite300
Garden City, New York 11530
Mark A. Panzavcchia (MAP3420)

UNITED STATES BANKRUPTCY COURT       RETURN DATE: **11/06/2008**
SOUTHERN DISTRICT OF NEW YORK       TIME: **10:00am**
------------------------------------------------------------X

In re:

                                             Chapter 7
MOHAMMED S. MAHMUD,                    Case No.: 07-13994-ajg

                Debtor,

------------------------------------------------------------X

RICHARD E. O'CONNELL, ESQ., as chapter 7
Trustee of the estate of Mohammed S. Mahmud

                Plaintiff,

      -against-                              Adv. Pro. No.: 08-1214-ajg

IKECHUKWUP DIBIA, ESQ.,
DIMAHKA, INC.,
DEAN RESKAKIS, ESQ., SACCO & FILLAS, LLP,
JAVED CHOWDRY, VM MILLER MART INC.,
AKHTER HOSSAIN and SAYEDA MOIN,

                Defendants,

------------------------------------------------------------X

## DEFENDANTS MOTION IN OPPOSITON TO PLAINTIFFS APPLICATION FOR A DEFAULT JUDGMENT

Mark A. Panzavecchia, the undersigned, an attorney duly admitted to practice in the courts of the

State of New York and in this Court, hereby affirms the following to be true under the penalties

of perjury:

   1. I am a member of the Law firm of Panzavecchia & Associates, PLLC, attorneys for

       defendant DEAN RESKAKIS, ESQ. (the defendant) in the above captioned adversary

       proceeding, and as such I am fully familiar with the facts and circumstances set forth

herein. I submit this affirmation in opposition to Plaintiff's application for a default

judgment in this action.

## BACKGROUND INFORMATION

2. On May 6, 2008, Plaintiff commenced an adversary proceeding against the Defendant

   Dean Reskakis, as well as other Defendants, by filing a complaint seeking judgment

   against Dean Reskakis as outlined in paragraph 2 of Plaintiff's motion for a default

   judgment.

3. From the inception of this action, May 6, 2008, to the present, Mr. Reskakis has resided

   at 5 Brower Lane, Hempstead, New York 11550.

4. On or about May 9, 2008, Plaintiff alleges that he served the defaulting Defendant, Dean

   Reskakis, with a copy of the summons and notice of a pretrial conference together with

   the complaint in connection with the above referenced matter by regular mail at the

   defendants address. However, these pleadings were mailed to the improper address,

   namely 5 Braver Lane, which is not the correct address of Mr. Reskakis.

5. On or about June 20, 2008, the plaintiff alleges that he served a supplemental summons

   upon the defendant Dean Reskakis. However, once again the plaintiff served the

   incorrect address of 5 Braver Lane. As such, Mr. Reskakis did not receive this document

   on said date. (See attached Exhibit "A" of Mr. Reskakis).

6. On or about July 21, 2008, various court pleadings were forwarded to Mr. Reskakis from

   the incorrect address, and he responded on July 28, 2008 with a letter to the Plaintiffs.

   See attached Exhibit "B" for a copy of the letter of Mr. Reskakis.

7. Based upon information and belief, Mr. Reskakis was not fully aware of this action until

   the end of July 2008, and at that time held belief that a defense would be provided by his

previous employer, Sacco & Fillas, LLP, a named defendant in this action and Mr.

Reskakis's employer at the time of the alleged fraudulent transaction of August 8, 2006.

As such, Mr. Reskakis had a good faith belief that he did not need individual counsel to

represent him in this matter, and that his previous employer, Sacco & Fillas, would

defend him in this action.

8.  On August 8, 2006, the date of the alleged fraudulent transaction in this matter, defendant

Dean Reskakis was employed as a full time associate with the law firm Sacco & Fillas,

LLP, in their real estate department.  As an associate at the firm of Sacco & Fillas, all of

Mr. Reskakis's activities were supervised by the partners in the firm.

9.  In mid- August 2008 Mr. Reskakis contacted my firm to inquire about legal

representation in the above referenced action.  However, I informed Mr. Reskakis that I

was about to commence a Federal Criminal Trial in the Middle District of Florida, and as

such, I would not be available to conference the case until September 2008.

10.  In mid- September 2008, Mr. Reskakis met with me to discuss the above referenced law

suit.  However, at the time, he did not have any funds to retain my services, and told me

that he would make all efforts to gather sufficient funds in order to enter into a retainer

agreement with my firm.

11.  On or about, September3, 2008, I emailed Plaintiff's counsel Fred Kantrow, indicating

that I was in discussions  with Mr. Reskakis about being retained, and representing him

with respect to the present motion to vacate the application for a default judgment.  On

October 14, 2008, I was formally retained by Mr. Reskakis to represent him in the above

referenced matter, including making an application to oppose the default judgment in this

pending action.

## DEFENDANTS MOTION TO VACATE ANY PROPOSED DEFAULT JUDGMENT

12. Federal Rule of Civil Procedure 55(c)6 provides that "[f]or good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Here, because a judgment was entered granting the summary judgment motion and granting the relief sought in the Complaint, we proceed with an analysis under Rule 60(b).

13. In general, a motion to vacate a default judgment is addressed to the sound discretion of the court. see *Brien v. Kullman Industries, Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995). In considering a motion to vacate a default judgment pursuant to Rule 60 (b) (1), "courts have gone beyond the bare wording of the rule and established certain criteria which should be considered in deciding whether the designated standards have been satisfied." *Id.* In this Circuit, courts consider the following criteria: (1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted. *Id; see also American Alliances Ins. Co., Ltd. V. Eagle Ins. Co.*, 92 F. 3d 57, 59 (2d. Cir. 1996). The term "willful" in the context of default refers to conduct that is more than merely negligent or careless. *See American Alliance, 92 F. 3d at 61* (default due to filing mistake by defendant's in-house counsel's clerk determined not to be willful). In order to make a sufficient showing or a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, "if proven at trial, would constitute a complete

defense." *S.E.C. v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998) (quoting *Enron Oil Corp.*

*v. Diakuhara*, 10 F. 3d 90, 98 (2d Cir. 1993)).

14. Because defaults are generally disfavored and are reserved for rare occasions, when doubt

exists as to whether a default should be granted or vacated, the doubt should be resolved in

favor of the defaulting party.  Likewise, the criteria of Rule 60(b) should be construed

generously in favor of the defaulting party.  See *American Alliance*, 92 F. 3d at 58 (finding

"'excusable neglect' to be construed generously in the context of an attempt to vacate a

default judgment"); see also *Enron Oil Corp. v. Diakuhara*, 10 F. 3d 90, 96 (2d Cir. 1993).

### RELIEF FROM PROPOSED DEFAULT JUDGMENT

15. Under the Federal Rules of Civil Procedure 55(c), made applicable to this proceeding by

Federal Rule of Bankruptcy Procedure 7055, when a court has entered a default

judgment, that court may set aside that judgment only in accordance with Federal Rule of

Civil Procedure 60(b).  See *State Bank of India v. Chalasani (In re Chalasani)*, 92 F. 3d

1300, 1307 (2d Cir. 1996); *Batt v. American Compressed Steel Corp. (In re Globe*

*Metallurgical, Inc.)*, 237 B.R. 182, 185 (E.D.N.Y. 2005).

Federal Rule of Civil Procedure 60(b) provides that

[O]n motion and upon such terms as are just, the court may relieve a party

or a party's legal representative from a final judgment, order, or proceeding for

the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been

discovered in time to move for a new trial under Federal Rule of Civil Procedures

59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic),

misrepresentation, or other misconduct of an adverse party; (4) the judgment in

void; (5)the judgment has been satisfied, released, or discharged, or a prior

judgment upon which it is based has been reversed or otherwise vacated, or it is

no longer equitable that the judgment should have prospective application; or (6)

any other reason justifying relief from the operation of the judgment...

Federal Rule of Civil Procedure 60(b); *see also INVST Financial Group, Inc. v. Chem-*

*Nuclear Systems, Inc.*, 81 F. 2d 391, 397 (6th Cir. 1987); *Artmatic USA Cosmetics v.*

*Maybelline Co.*, 906 F. Supp. 850, 853-854 (E.D.N.Y. 1995).

16. In applying Federal Rule of Procedures 60(b) to set aside default judgment, a court must

consider the equitable factors of Federal Rule of Civil Procedure 55(c). In the Second

Circuit, Federal Rules of Civil Procedure 55(c) requires the Court to determine whether

there is "good cause" to set aside the default and considers, (1) whether the default was

willful, (2) whether the defendant has a meritorious defense, and (3) whether the non-

defaulting party will be prejudiced. *See American Alliance Insurance Co., Ltd. V. Eagle*

*Insurance Company*, 95 F. 3d 57, 59 (2d Cir. 1996); *see also Enron Oil Corp. v.*

*Diakuhara*, 10 F. 3d 90, 96 (2d Cir. 1993); *Brien v. Kullman Industries, Inc.*, 71 F. 3d

1073, 1077 (2d Cir. 1995); *Gucci America, Inc. and Guess?, Inc. v. Gold Center Jewelry*,

158 F. 3d 631, 634 (2d Cir. 1998) *cert. denied*, 525 U.S. 1106, 119 S. Ct. 873, 142 L. Ed.

2d 774 (1999); *Artmatic USA Cosmetics*, 906 F. Supp. at 854; *In re Globe Metallurgical,*

*Inc.*, 237 B.R. at 185.

17. With respect to the willfulness factor, the defaulting party is willful if the defaulting

party's conduct was intentional, *see Artmatic USA Cosmetics*, 906 F. Supp. at 855,

deliberate, *see In re Globe Metallurgical, Inc.*, 237 B.R. at 185, or with reckless disregard

for the effect of its conduct on the proceedings, *INVST Financial Group, Inc.*, 815 F. 2d

at 397. The term "willful," does not include negligent or careless conduct. In re *Globe
Metallurgical, Inc.*, 237 B.R. at 185. According to "Fed.R.Civ.P. 60(b) expressly
contemplates that some types of 'neglect' are 'excusable.'" *American Alliance Insurance
Co.*, 95 F. 3d at 61. Defaults resulting from deliberate conduct are not excusable,
whereas, defaults resulting from negligent or careless conduct may be excusable. Id.; see
also *Gucci America, Inc. and Guess?, Inc.*, 158 F. 3d at 635. In addition, the degree of
negligence giving rise to the default remains a relevant factor when assessing whether the
defaulting party's conduct precludes it from relief. See *American Alliance Insurance
Co.*, 95 F. 3d at 61. Furthermore, a finding of good faith is not necessarily determinative
in concluding whether or not the defaulting party's conduct was willful. See *Gucci
America, Inc. and Guess?, Inc.*, 158 F. 3d at 635.

18. In determining whether a meritorious defense has been asserted for purposes of setting
aside a default judgment, some evidence beyond "conclusory denials" must be presented
to support the defense. A meritorious defense provides the trier of fact with an
opportunity to make a determination. *See American Alliance Insurance Co.*, 95 F. 3d at
61. The test is not "whether there is a likelihood that [the meritorious defense] will carry
the day, but whether the evidence submitted, if proven at trial, would constitute a
complete defense." *Enron Oil Corp.*, 10 F. 3d at 98; *see also Artmatic USA Cosmetics*,
906 F. Supp. At 885; *In re Globe Metallurgical, Inc.*, 237 B.R. at 185. Also, if the
defenses raises a significant issues, it may be deemed meritorious, *Artmatic USA
Cosmetics*, 906 F. Supp. At 885.

19. With respect to prejudice, prejudice occurs when the non-defaulting party's ability to
proceed with its case becomes impaired. Delay, by itself, is an insufficient basis for

establishing prejudices, *Enron Oil Corp.*, 10 F. 3d at 98; *Walpex Trading Co. v.*

*Yacimientos Ptroliferos Fiscales Bolivianos*, 109 F.R.D. 692, 697 (S.D.N.Y. 1986); *In re*

*Globe Metallurgical, Inc.*, 237 B.R. at 186; rather, it must "result in the loss of evidence,

create increased difficulties of discovery, or provide greater opportunity for fraud and

collusion." *In re Globe Metallurgical, Inc.*, 237 B.R. at 186. The non-defaulting party

bears the burden of proving it will be "substantial[ly] prejudiced" if the default judgment

is vacated. *Walpex Trading Co.*, 109 F.R.D. at 697.

20. The trial court has "sound discretion" in disposing of the motion, and the party in default

has the burden of proof. Defaults are generally disfavored and when there is doubt as t

whether a default should be granted or vacated, the doubt is resolved in favor of the

defaulting party. *Enron Oil Corp.*, 10 F. 3d at 96. Also, there is a strong policy in favor

of "maintaining an orderly efficient judicial system in which default is a useful weapon

for enforcing compliance with the rules of procedure." *In re Globe Metallurgical, Inc.*,

237 B.R. at 185.

21. Applying the above standards to the facts herein, it is clear that Mr. Reskakis did not

willfully refuse to respond to the various pleadings in this matter. It is undisputed that prior

to July 21, 2008, the pleadings were mailed to an incorrect address, and not the address of

Mr. Reskakis. In addition, the plaintiff will not be prejudiced if the Court would allow him

to contest the plaintiff's claims on the merits. Finally, as depicted above, and affirmed in Mr.

Reskakis' attached affirmation, a meritorious defense exists as to all of the counts relating to

any improper/fraudulent activity that occurred at the real estate closing on August 8, 2006.

## CONCLUSION

WHERFORE, we would respectfully request that this Court deny the Plaintiff' motion

for a default judgment in all respects as to Defendant Dean Reskakis, along with any other

relief that this Court deems just and proper.

Dated:  Garden City, New York
        October 29, 2008

Panzavecchia & Associates, PLLC.
Attorneys for Dean Reskakis

BY:    S/Mark A. Panzavecchia
       Mark A. Panzavecchia (MAP3420)
       1050 Franklin Avenue- Suite 300
       Garden City, NY 11530
       (516) 776-9494
       Mark@Panzavecchialaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In Re:

MOHAMMED S. MAHMUD,

Debtor.
--------------------------------------------------------X
RICHARD E. O'CONNELL, ESQ., as
Chapter 7 Trustee of the Estate
Of Mohammed S. Mahmud,

          Plaintiff,

       -against-

IKECHUKWUP DIBIA, ESQ.,
DIMAHKA, INC.,
DEAN RESKAKIS, ESQ., SACCO &
FILLAS, LLP, JAVED CHOWDRY
VM MILLER MART INC., AKHTER
HOSSAIN and SAYEDA MOIN,

          Defendants.
--------------------------------------------------------X

**Chapter 7**
Case No.: 07-13994-ajg

**AFFIDAVIT OF**
**DEAN RESKAKIS**

Adv. Pro. No.:08-1214-ajg

State of New York    )
                   )
County of Nassau    )

      DEAN RESKAKIS, a Defendant in the above-captioned adversary proceeding, duly

sworn under the penalty of perjury, state:

1.     My full time residence from November 1979 through the present is 5 Brower Lane,

Hempstead, NY 11550. At no time did I reside at any location at 5 Braver Lane/Lake, as noted on

all the pleadings in this action.

2.     I did not receive any notification, oral or written, of the lawsuit *RICHARD E.*

*O'CONNELL, ESQ., as Chapter 7 trustee of the estate of Mohammed S. Mahmud v.*

*IKECHUKWUP DIBIA, ESQ., DIMAHKA, INC., DEAN RESKAKIS, ESQ., SACCO & FILLAS,*

*LLP, JAVED CHOWDRY, VM MILLER MART INC., AKHTER HOSSAIN and SAYEDA MOIN,*

until I received a letter from counsel dated July 21, 2008 requesting any documentation in my

Exhibit A

possession regarding the real estate closing of 171 Euclid Avenue, Brooklyn, NY that occurred on

August 8, 2006. I responded to counsel by letter dated July 28, 2008, informing him that I have

no documentation regarding that transaction as I was an employee of the law firm of Sacco &

Fillas, LLP at the time of the closing at issue and that I am no longer working for that firm. It

should be noted that at no time was I personally served the Summons and Complaint, or any other

pleadings in this matter.

3.      At that time it was my understanding and belief that since I was an employee of Sacco &

Fillas, under the direction and supervision of both Tonino Sacco, Esq. and Elias Fillas, Esq., and I

was directed by them to conduct this closing for their client, that I would be represented by the

firm and/or its insurance carrier. I was a full time employee of Sacco & Fillas, LLP from

February 2005 through May 2007. To this day, I still do not know why I am not being represented

by the firm's counsel or insurance carrier.

4.      I continued to investigate as to whether Sacco & Fillas, LLP. and/or its insurance carrier

would provide legal representation in this matter, as I did not have sufficient funds to retain

private counsel. In late August 2008, in order to protect my rights, I contacted Mark A.

Panzavecchia, Esq. to assist me in this action.

5.      In early September 2008, I met with Mr. Panzavecchia to discuss this matter and upon

learning of the retainer amount, I informed him that I was in a financial hardship and that I

needed some time to gather the funds to retain his services. It was not until October 14, 2008 that

I was able to obtain funds to formally retain Mr. Panzavecchia as my attorney to represent me in

this action.

Dated: October 29, 2008

DEAN RESKAKIS

Sworn to before me this
29th Day of October 2008

Notary Public

MARK A. PANZAVECCHIA
Notary Public, State of New York
No. 02PA6080235
Qualified in Nassau County
Commission Expires September 09, 20 /0

# DEAN A. RESKAKIS, ESQ.
## 5 BROWER LANE
### HEMPSTEAD, NY 11550
### (516) 292-0110
### (516) 292-0116 FAX

July 28, 2008

Hugh L. Rothbaum, Esq.
450 Seventh Avenue, Wuite 808
New York, NY 10123

Re:    In re: Mohammed S. Mahmud v. Ikechukwup Dibia, Esq., et. al.
       Case No.: 07-13997-ajg

Dear Mr. Rothbaum:

I am in receipt of your Subpoena in an Adversary Proceeding for the above-referenced matter. At the time of the real estate transaction referred to in this matter, I was employed by Sacco & Fillas, LLP. I left employment at that firm in May 2007. Therefore, I do not have any documents, communications or files relating to said transaction. All files would be in the possession and control of Sacco & Fillas, LLP. As such, enclosed is your check for mileage and for the day. I apologize that I could not be of more assistance. Should you have any questions, do not hesitate to contact my office.

Very truly yours,

Dean A. Reskakis, Esq.

Exhibit B

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK

            }ss.:

COUNTY OF NASSAU

      **CASSANDRA LYNCH** being duly sworn, deposes and says:

      I am not a party to the action, I am over 18 years of age and reside at Garden City South, New

York.

      On **October 29, 2008** I served the annexed the **NOTICE OF MOTION AND AFFIRMATION**

**IN SUPPORT** upon the address(es) designated by said attorney(s) for that purpose by depositing a true

copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the

exclusive care and custody of the United States Postal Service within the State of New York.

To:    The Law Offices of Avrum J. Rosen, PLLC.
       C/O Avrum J. Rosen
       38 New Street
       Huntington, NY 11743

       Hugh L. Rothbaum
       Attorney at Law
       450 Seventh Avenue- Suite 808
       New York, New York 10123

       Theodore S. Steingut
       Attorney at Law
       One Whitehall Street- 17th Floor
       New York, New York 10004

                                                    CASSANDRA LYNCH

Sworn to before me this
29TH day of October, 2008

_____
Notary Public

        MARK A. PANZAVECCHIA
     Notary Public, State of New York
         No. 02PA6080235
        Qualified in Nassau County
   Commission Expires September 09, 20 10